# FRANCISCA VEGA, VIUDA DE SEVERINO DAM, ET AL.

*v.*

## JULES CAYERE.

San Juan, Law, No. 681.

When a defendant in ejectment, following § 1385 of the Civil Code of Porto Rico of 1902, causes his vendor to be notified of the pendency of the suit, and summoned to appear and defend if he so desire, such fact does not make his vendor a party to the suit, and the court can render no judgment against such vendor, nor does his citizenship affect the jurisdiction of the court.

Opinion filed April 13, 1910.

*Mr. Rafael Guillermety,* attorney for the plaintiffs.

*Messrs. Hartzell & Rodriguez Serra,* attorneys for defendant.

*Mr. Eugenio Benitez Castaño,* attorney for Carlos Benitez Castaño.

RODEY, Judge, delivered the following opinion:

This is an ordinary suit in ejectment for a piece of land in the island of Vieques composing the rustic estate called "Santa

Genoveva," and said to contain 1,400 cuerdas, and that its value is not less than $50,000. Plaintiffs, some six persons, made an affidavit and sued *in forma pauperis,* claiming that they are absolutely without means, and that they inherited the land in question from their ancestor, one Severino Dam, who died at said Vieques intestate, on the 31st of September, 1895, they being his only heirs at law.

Plaintiffs allege themselves to be Porto Ricans, and the declaration, which was filed November 9, 1909, is against a single person, one Jules Cayere, he being alleged to be a citizen of the Republic of France. This defendant appeared by counsel under date of November 23, 1909, and immediately moved the court to notify his vendor, under § 1385 of the Civil Code of Porto Rico of 1902. He set forth that he had purchased the property from one Carlos Benitez Castaño. This summons was duly issued, and the said vendor of the defendant was thus duly notified of the pendency of the suit, under the section of the Civil Code in question. On November 24th, the defendant, Cayere, came in, and for answer filed a general denial to the allegations of the declaration. On December 11, 1909, the person thus summoned, Carlos Benitez Castaño, appeared by counsel and pleaded to the jurisdiction, on the ground that he, the said Castaño, is a Porto Rican, and that this notice to him made him a party to the suit, and that therefore, the plaintiffs all being Porto Ricans, the court was ousted of jurisdiction, under our decision in Vallecillo y Mandry v. Bertran, 2 Porto Rico Fed. Rep. 46.

The issue before us is on this plea. We would not give the matter serious consideration were it not for the apparent honest and strenuous effort of Mr. M. Rodriguez Serra, of counsel for

Vega v. Cayere.

the main defendant, who contends that this party, thus summoned under § 1385 of the Civil Code of 1902, being the vendor of his client, is under the local Code, as construed by the commentators, a necessary party, and that the suit cannot proceed without him. However, we cannot agree with this contention. Were such a doctrine to obtain, a plaintiff, although finding somebody in possession of his land, would be forced to bring in such possessor's vendors, and make them parties to the suit. As we see it, the local Codes provide for this notice only for the benefit of the defendant, so as to make such vendors support their warranty to the main defendant. The plaintiff has no concern with a defendant's vendor; he sues the person who claims the title to his land, and that he finds in possession of it. It is the defendant who is interested in asking that his own vendor be notified of the pendency of the suit, so as to come in and help defend, if he so desires. We considered another phase of this matter once before, in the case of Colon v. Fernandez y Sobrino, 3 Porto Rico Fed. Rep. 488, to which reference may be had if it is desired to see the different sections of the Civil Codes that are said to apply. It is our opinion that Carlos Benitez Castaño is not a necessary party to this suit in any sense, and that the mere summoning of him under § 1385 of the Code does not make him a party. He need not answer, in fact is not expected to answer, only to help defend if he so desires, and the court could not and cannot render any judgment against him. He is not the party who is keeping plaintiffs out of possession of their property, if they are in fact entitled to it, nor is he doing any other wrong directly against plaintiffs. The plea will therefore be overruled, and an order to that effect will be entered.